UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
D-J CONSTRUCTION CO. INC.,

                       Plaintiff,

    -against-

ECONOCRAFT WORLDWIDE CAR WASH
ELECTRIC LLC d/b/a ECONOCRAFT CAR
WASH EQUIPMENT INC.,

                       Defendant.
------------------------------------------------------------------X

DECLARATION OF
BLAIR J. HENDRICKS IN
SUPPORT OF ORDER TO
SHOW CAUSE FOR DEFAULT
JUDGMENT

25-cv-4218 (CS)

BLAIR J. HENDRICKS, an attorney duly admitted to practice before this Court, declares under penalty of perjury, as follows:

1.    I am an associate of Sokoloff Stern LLP, attorneys for Plaintiff D-J Construction Co. Inc. ("Plaintiff") and am familiar with the facts and circumstances related to this action. I submit this Declaration in support of Plaintiff's Order to Show Cause for Default Judgment.

2.    Attached are the exhibits submitted in support of Plaintiff's Order to Show Cause, which are true and complete copies of what they purport to be:

    a. Attached as Exhibit 1 is a copy of Plaintiff's Summons and Complaint with exhibits 1 and 2;

    b. Attached as Exhibit 2 is a copy of the Affirmation of Service filed on June 4, 2025;

    c. Attached as Exhibit 3 is a copy of the signed Clerk's Certificate of Default dated July 1, 2025;

    d. Attached as Exhibit 4 is a copy of an email chain from October 17, 2024 to December 23, 2024 between Cullen Stanger of D-J Construction and L&M Electric, Inc., concerning a purchase of parts to complete the Rain Bay Project;

1

    e. Attached as Exhibit 5 is a copy of an estimate from Washworld Carwash Systems for a 10 HP Premier Dryer Producer to complete the Rain Bay Project; and

    f. Attached as Exhibit 6 is a copy of the proposal from Dynamic Mechanical Services, Inc., for an exhaust blower arch and installation to complete the Rain Bay Project.

3. On May 30, 2025, Plaintiff served Defendant Econocraft Worldwide Car Wash Electric LLC d/b/a Econocraft Car Wash Equipment Inc. ("Defendant") with the summons and complaint with exhibits by delivering and leaving two copies with Tammy Alexander, Business Document Specialist, at the following address: C/O Secretary of State, 99 Washington Avenue, Albany, NY 12231-0001, and tendered the statutory fee. (Ex. 2.)

4. Tammy Alexander is an agent for service on Defendant designated under Rule 303 LLC. (Ex. 2.) Rule 303 LLC permits service of process on the secretary of state as agent of a domestic limited liability company or authorized foreign limited liability company by (1) "personally delivering to and leaving with the secretary of state…at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee[.]" NY Limit Liab Co § 303.

5. Service upon a limited liability company in this matter constitutes proper service under New York law. N.Y. C.P.L.R. 311-a; *see Fed. Nat'l Mortg. Ass'n v. JDM Washington St. LLC*, No. 25-CV-1728, 2025 WL 1114401, at *2 (S.D.N.Y. Apr. 15, 2025) (recognizing service of summons and verified complaint by delivering them to limited liability company defendant's registered agent constituted proper service).

6. Plaintiff filed an Affirmation of Service on June 4, 2025. (Ex. 2.)

7. Per docket entry no. 12, this Court gave Defendant a deadline of June 20, 2025 to respond to the Complaint. Defendant failed to respond to the complaint by the Court's deadline.

8. On July 1, 2025, Plaintiff filed a request for a Clerk's Certificate of Default. The Clerk issued a Clerk's Certificate Default that same day.

9. At this time, Defendant has still not responded to the complaint.

***Plaintiff is Entitled to Default Judgment***

10. "Under Fed. R. Civ. P. 55, '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise,' default judgment may be entered." *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. Dec. 15, 2006) (quoting *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992), *cert. denied*, 506 U.S. 1080, 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993)).

11. Default judgment "is ordinarily justified when a party fails to respond after having received proper notice." *Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 318–19 (S.D.N.Y. Apr. 30, 2012) (citing *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.1984)).

12. Here, Plaintiff is entitled to a default judgment.

13. Plaintiff properly served its complaint on Defendant seeking compensatory damages in the total amount of $110,949 resulting from Defendant's failure to deliver parts Plaintiff contracted for. (Ex. 2.) The Clerk of the Court issued a Certificate of Default due to Defendant's failure to respond to the complaint. (Ex. 3.)

14. Per the attached complaint, Plaintiff paid a total of $184,260 on a purchase order with Defendant for several pre-assembled carwash parts. Defendant failed to deliver a Blower Arch and Motor Control Center pursuant to this purchase order. Defendant did not reimburse

Plaintiff for the parts it failed to deliver. Plaintiff was forced to incur additional costs to source the material and labor for these parts from other sources. (*See gen.* Ex. 1. Compl.)

15. Defendant's failure to deliver the parts Plaintiff paid for and/or reimburse Plaintiff for these parts constitutes a breach of contract, unjust enrichment, civil conversion, and money had and received. (*See* Ex. 1. Compl. ¶¶ 39-66.)

16. Because the Clerk issued the Clerk's Certificate of Default, Plaintiff's well-pleaded allegations in the complaint are deemed true. *See Carlone*, 861 F. Supp. 2d at 318–19 (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir.1997)). Plaintiff is thus entitled to default judgment. *See Carlone*, 861 F. Supp. 2d at 318–19.

*A Hearing on Damages is Not Necessary*

17. Under Fed. R. Civ. P. 55, a district court is permitted, but not required, to conduct a hearing before ruling on judgment. *See Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009). "Rule 55(b) commits this decision to the sound discretion of the district court." *Id.*

18. Under Rule 55(b)(2), a hearing on damages is unnecessary "as long as it ensured that there was a basis for the damages specified in the default judgment." *Prudencio Trejo v. Blanca's Bakery & Deli Inc.*, No. 23-CV-06063, 2025 WL 1029523, at *17 (E.D.N.Y. Jan. 8, 2025), *report and recommendation adopted as modified*, No. 2:23-CV-6063, 2025 WL 850625 (E.D.N.Y. Mar. 19, 2025) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

19. A damages hearing is not necessary when damages are calculable based on affidavit or documentary evidence. *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Gilbert*, No. 320CV1441, 2022 WL 344270, at *3 (N.D.N.Y. Feb. 4, 2022) ("[T]he Court finds that it is not necessary to hold an evidentiary hearing because damages are calculable based on the detailed

affidavit and documentary evidence that Plaintiff has provided."); *Elevation Health, LLC v. Sun Grp. Partners LLC*, No. 22-CV-10155, 2025 WL 763983, at *3 (S.D.N.Y. Jan. 31, 2025), *report and recommendation adopted as modified*, No. 22 CIV. 10155, 2025 WL 586681 (S.D.N.Y. Feb. 24, 2025) (granting plaintiff damages following a default on a breach of contract claim where plaintiff established amount of damages owed "with reasonable certainty."); *see also Boxout LLC v. Svelte Brands LLC*, No. 23-CV-05568, 2024 WL 5399234, at *6 (E.D.N.Y. Dec. 18, 2024) (holding damages hearing was unnecessary for a default judgment on breach of contract claim where contractual damages were determined based on the contract); *Gov't Emps. Ins. Co. v. Galperin*, No. CV 23-9241, 2025 WL 1029433, at *10 (E.D.N.Y. Feb. 24, 2025), *report and recommendation adopted*, No. 23-CV-9241, 2025 WL 909190 (E.D.N.Y. Mar. 26, 2025) (holding damages hearing was not necessary where plaintiff submitted spreadsheets to show calculable damages).

20.     Plaintiff is owed total compensatory damages in the amount of $110,949, which is justified by documentary evidence. Plaintiff's $110,949 total damages are broken down as follows:

   a. $49,986 for materials and labor for building, programming, and installing a custom control panel to operate the Rain Bay due to Defendant's failure to deliver the Motor Control Center (Ex. 4);

   b. $17,426 for labor in installing three (3) additional blower VFDs and wiring due to Defendant's failure to deliver the Motor Control Center (Ex. 4);

   c. $28,561 for a 10 HP Premier Dryer Producer to complete the Rain Bay Project due to Defendant's failure to deliver the Blower Arch (Ex. 5);

  d. $14,976 for materials and labor to complete and install an exhaust blower arch due to Defendant's failure to deliver the Blower Arch (Ex. 6).

21. Thus, Defendant owes Plaintiff a sum certain discernable by documentary evidence for its failure to furnish the Blower Arch and Motor Control Center under the original purchase order. As such, hearing on damages is not necessary. *See Boxout LLC*, 2024 WL 5399234, at *6.

***Plaintiff is Entitle to Pre-Judgment and Post-Judgment Interest***

22. Additionally, Plaintiff is owed prejudgment interest on the sum awarded at a rate of nine percent per annum, starting on February 12, 2024.

23. "Under New York law, 'a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right.'" *Midwood Junction v. Puerto del Sol Int'l Inv., S.A.*, No. 15-CV-5181, 2016 WL 8905357, at *4 (S.D.N.Y. Dec. 5, 2016), *report and recommendation adopted as modified sub nom. Midwood Junction, LLC v. Puerta Del Sol Int'l Inv., S.A.*, No. 15-CV-5181, 2017 WL 1857248 (S.D.N.Y. May 4, 2017) (quoting *U.S. Naval Inst. v. Charter Comm'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991)). The statutory prejudgment interest rate is nine percent per annum. *See id.*

24. "Prejudgment interest is computed from 'the earliest ascertainable date the cause of action existed.'" *Id.* (quoting N.Y. CPLR §§ 5001(b)). "If damages were incurred at various times, 'interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Id.*

25. Under New York law, a breach of contract claim "accrues at the time of breach, even if plaintiff does not suffer damages until a later date." *Lehman XS Tr., Series 2006-4N ex rel. U.S. Bank Nat. Ass'n v. Greenpoint Mortg. Funding, Inc.*, 991 F. Supp. 2d 472, 476 (S.D.N.Y. 2014), *aff'd*, 643 F. App'x 14 (2d Cir. 2016).

26. Plaintiff was promised delivery of parts with eight weeks' time after paying a 50 percent deposit, and expected delivery on or about February 12, 2024. (Stanger Aff. ¶¶ 8, 10.) Defendant failed to deliver parts within this promised timeframe, which constitutes a breach. Accordingly, February 12, 2024 constitutes the "earliest ascertainable date the cause of action existed," and should be used for calculation of pre-judgment interest. *See Midwood Junction*, 2016 WL 8905357, at *4 (holding that prejudgment interest is computed from the "earliest ascertainable date the cause of action existed.")

27. Plaintiff is also entitled to post-judgment interest once judgment is entered. "Post-judgment '[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.'" *Elevation Health, LLC v. Sun Grp. Partners LLC*, No. 22-CV-10155, 2025 WL 763983, at *5 (S.D.N.Y. Jan. 31, 2025), *report and recommendation adopted as modified*, No. 22 CIV. 10155, 2025 WL 586681 (S.D.N.Y. Feb. 24, 2025) (quoting 28 U.S.C. § 1961(a)) (modification in original).

28. Post-judgment interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding until the date of payment by Defendant." *Id.* (internal citations and quotations omitted).

29. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Carle Place, New York
        August 25, 2025

_Blair Hendricks_ (signature)
BLAIR J. HENDRICKS
SOKOLOFF STERN LLP
*Attorneys for Plaintiff*
179 Westbury Avenue

Carle Place, New York 11514
(516) 334-4500
File No. 250035LI